**In re Anonymous No. 86 D.B. 93**

Disciplinary Board Docket no. 86 D.B. 93.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

NIX, *Member,* April 11, 1995—Pursuant to Rule 208(d)(2)(iii) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania herewith submits its findings and recommendations to your honorable court with respect to the above-captioned petition for discipline.

## I. HISTORY OF PROCEEDINGS

This matter, by order of the Supreme Court of Pennsylvania, dated September 28, 1993, was referred to the Disciplinary Board pursuant to Rule 214(f)(1), Pa.R.D.E.

A petition for discipline was filed on October 13, 1993 and an answer was filed November 12, 1993.

On November 17, 1993, the matter was referred to Hearing Committee [    ], consisting of [    ], Esquire, Chairperson, and [    ], Esquire and [    ], Esquire, members.

On April 26, 1994, a disciplinary hearing was held.

The Hearing Committee filed its report on January 17, 1995, recommending a public censure and three years probation with conditions.

The matter was adjudicated at the February 24, 1995 meeting of the Disciplinary Board.

## II. FINDINGS OF FACT

(1) Petitioner, whose principal office is located at Suite 400, Union Trust Building, 501 Grant Street, Pittsburgh, Pennsylvania, is invested, pursuant to Rule 207, Pa.R.D.E. with the power and the duty to investigate all matters involving alleged misconduct of an attorney admitted to practice law in the Commonwealth of Pennsylvania and to prosecute all disciplinary proceedings brought in accordance with the various provisions of the aforesaid rules.

(2) Respondent is an attorney admitted to practice law in the Commonwealth of Pennsylvania. He maintains an office at [    ].

(3) Respondent was admitted to practice in Pennsylvania in 1966, after graduating from [    ] University and its law school.

(4) Respondent is subject to the disciplinary jurisdiction of the Disciplinary Board.

(5) On or about April 9, 1992, respondent was indicted in the United States District Court for the [    ] District of Pennsylvania at criminal no. [    ].

(6) The aforesaid indictment charged respondent with two counts of tax evasion in violation of 26 U.S.C. §7201.

(7) On or about October 9, 1992, respondent entered a plea of guilty to Count I of the indictment charging him with income tax evasion, arising from his filing of a false and fraudulent tax return for tax year 1985.

(8) As a result of the negotiated plea between the respondent and the Office of the United States Attorney, the district court dismissed Count II of the indictment.

(9) On or about February 23, 1993, the district court sentenced respondent to a term of probation of three years. In addition, he was directed to accomplish the following:

(a) Pay all back taxes, interest and penalties which he owed;

(b) Pay a special assessment of $50;

(c) Perform 100 hours of community service at the direction of the probation office.

(10) Up to and including tax year 1985, respondent routinely prepared and filed his own tax returns.

(11) Regarding the return for tax year 1985, respondent underestimated his income and expenses.

(12) At the probative time, respondent maintained one bank account at [A] Bank.

(13) Prior to tax year 1985, no suggestion of impropriety was alleged.

(14) Subsequent to tax year 1986, no suggestion of impropriety was raised.

(15) Subsequent to tax year 1986, respondent engaged a certified public accountant, [B], who has prepared and filed respondent's tax returns since.

(16) Respondent cooperated with the Internal Revenue Service, Agent [C], by providing him with all records requested by the government.

(17) In addition to there having been no prior criminal conduct, respondent has no history of discipline.

(18) Nine character witnesses, including the Head Master of [D] Academy, [E], and [respondent's] personal physician, as well as clients, friends and neighbors, appeared at the hearing and testified as to respondent's good character and his reputation of honesty and law-abiding conduct.

## III. CONCLUSIONS OF LAW

Respondent violated R.P.C. 8.4(b) by committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects.

Respondent violated R.P.C. 8.4(c) by engaging in conduct involving dishonesty, fraud, deceit or misrepresentation.

Further, the aforesaid conviction of respondent constitutes an independent basis for discipline, pursuant to Rule 203(b)(1), Pa.R.D.E.

## IV. DISCUSSION

The offense which gave rise to this proceeding occurred in 1986 with regard to respondent's 1985 tax return. The amount of unpaid taxes amounted to between $6,000-$7,000. The respondent pled guilty before the Honorable [F] of the United States District Court for the [    ] District of Pennsylvania. The evidence at the hearing demonstrated that the respondent fully cooperated with federal authorities and received probation.

The respondent, by his conduct, violated the following Rules of Professional Conduct:

(a) R.P.C. 8.4(b)—which states that it is professional misconduct for a lawyer to commit a criminal act that

reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;

(b) R.P.C. 8.4(c)—which states that it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

(c) Pa.R.D.E. 203(b)(1)—which states that the aforesaid conviction constitutes an independent basis for discipline.

Given the foregoing, the sole issue before the Disciplinary Board is the imposition of discipline. The Hearing Committee recommended the following punishment:

(1) Respondent should receive a public censure;

(2) Respondent should be placed on disciplinary probation for a period of three years with the following conditions:

(a) That for the current tax year and the subsequent two tax years, respondent shall have his tax returns prepared by a certified public accountant, licensed in the Commonwealth of Pennsylvania;

(b) That no later than April 30 and October 31 of each year, a certified public accountant licensed by the Commonwealth of Pennsylvania, of respondent's choosing, shall certify to the Disciplinary Board that said certified public accountant has, indeed, reviewed respondent's financial records and that those financial records are accurate regarding the identification of sums and sources of income and expenditures, such that said certified public accountant would be able to file accurate and timely income tax returns using generally accepted accounting principles;

(c) That respondent perform 40 hours of pro bono legal services during the first year of probation, through the [　] County Legal Aid Society;

(d) During the first year of probation, respondent shall take a course of study of tax-related matters of no less than six credit hours from a source accredited for continuing legal education credits approved by the Pennsylvania Mandatory Continuing Legal Education Board, or the comparably recognized Certified Public Accountant Continuing Education Agency, but with this particular course of study to be in addition to the requirements of the Pennsylvania Mandatory Continuing Legal Education Board.

In *In re Anonymous No. 19 D.B. 81,* 27 D.&C.3d 223 (1983), the respondent was found by jury, guilty of three counts of making, subscribing and filing false income tax returns. After his appeal was denied, the respondent was sentenced to a three year probationary period, a four month participation in a work release program and fined $1,000. Based on this board's recommendation, the Supreme Court suspended the respondent from the practice of law for a period of three years to run concurrently with the three years of probation imposed in the criminal action.

In *In re Anonymous No. 49 D.B. 77,* 12 D.&C.3d 540 (1979), the respondent was convicted by a jury of two counts of filing false tax returns and falsely testifying under oath. As a result of his conviction, he was sentenced to three years probation and fined $7,000. The court followed the recommendation of the Disciplinary Board and suspended the respondent from the practice of law for one year.

In the instant case, the respondent pled guilty to one count of income tax evasion and was sentenced to three years probation and repayment of taxes owed and 100 hours community service. Clearly, the respondent's conduct as reflected by the sentence imposed is less egregious than the aforementioned cases. However, the respondent's sentence would warrant a suspension, if not for the mitigating factors in this case. The imposition of discipline can be modified by mitigated factors. *Office of Disciplinary Counsel v. Geisler,* 532 Pa. 56, 614 A.2d 1134 (1992).

The Hearing Committee found, and this board agrees, that the respondent has displayed remorse for the conduct that led to his conviction. He has recognized the causes of his difficulty and responded by hiring a certified public accountant to file his tax returns and he has established separate bank accounts for his professional and personal use. Further, except for the instant case, the respondent has no history of discipline.

Finally, there was no showing by petitioner that this respondent represented any danger to the public and no evidence was presented that any of respondent's clients were in any way prejudiced by respondent's criminal activity.

In light of these factors, the board believes that public censure is the most appropriate discipline.

## V. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania respectfully recommends that respondent, [    ], be publicly censured.

It is further recommended that the court direct that respondent pay all of the necessary expenses incurred in the investigation and processing of this matter pursuant to Rule 208(g), Pa.R.D.E.

Board Member Miller dissented without recommendation.

Board Members Carson and Kerns did not participate in the adjudication.

## ORDER

And now, May 15, 1995, upon consideration of the report and recommendations of the Disciplinary Board dated April 11, 1995, it is hereby ordered that [respondent] be subjected to public censure by the Supreme Court.

It is further ordered that respondent shall pay costs to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.

Mr. Justice Montemuro is sitting by designation.